J-S13022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NANCY D. MARTZ, EXECUTRIX OF THE ESTATE OF HARRY L. OTTO, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GOLDEN GATE NATIONAL SENIOR CARE, LLC, GGNSC ALTOONA HILLVIEW LP, D/B/A GOLDEN LIVINGCENTER-HILLVIEW GP LLC, GGNSC HOLDINGS LLC, GGNSC EQUITY HOLDINGS, LLC, GGNSC ADMINISTRATIVE SERVICES, LLC, GGNSC CLINICAL SERVICES, LLC, DENISE CURRY, AN INDIVIDUAL, AND ROBERT ETCHELLS, NHA, | |
| Appellants | No. 855 WDA 2015 |

Appeal from the Order Dated May 12, 2015
In the Court of Common Pleas of Blair County
Civil Division at No: 2014-01657

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 12, 2017**

This case returns to this Court following a remand from our Supreme Court. On November 17, 2016, the Court granted the petition for allowance of appeal filed by Appellants (collectively Golden Gate), vacated our previous order affirming the overruling of preliminary objections to compel arbitration

_____

[*] Former Justice specially assigned to the Superior Court.

of claims brought under the Wrongful Death and Survival Acts,[1] and remanded the case to us for further proceedings consistent with *Taylor v. Extendicare Health Facilities, Inc.,* \_\_\_A.3d\_\_\_, 2016 WL 5630669 (Pa. Sept. 28, 2016). Upon review, we reverse and remand.

Briefly, the claims arise from the death of Harry L. Otto, after he was a resident at a nursing home operated by Golden Gate.

We have previously noted that wrongful death claims are not subject to arbitration, because a decedent's agreement to arbitrate is not enforceable against the decedent's wrongful death beneficiaries. *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 661 (Pa. Super. 2013). In our previous decision, we relied exclusively on this court's decision in *Taylor v. Extendicare Homes, Inc.*, 113 A.3d 317, 320 (Pa. Super. 2015), *rev'd*, \_\_\_\_A.3d \_\_\_\_\_, 2016 WL 5630669 (Pa. Sept. 28, 2016) and *Tuomi v. Extendicare, Inc.*, 119 A.3d 1030 (Pa. Super. 2015). We held that Pa.R.C.P. No. 213(e), requires compulsive joinder of Survival Act claims and wrongful death claims and such joinder does not violate the Federal Arbitration Act.[2] Unpublished Memorandum, 6/3/2015, at 2. Following the reversal in *Taylor*, it is clear that Pa.R.C.P. No. 213(e) does violate the Federal Arbitration Act, and therefore is preempted. *Taylor*, 2016 WL

---

[1] Respectively, 42 Pa.C.S.A. §§ 8301 and 8302.

[2] 9 U.S.C. § 2.

563069 at 16. This preemption requires that Appellants' preliminary objections to compel arbitration be sustained and the wrongful death and Survival Act claims be severed unless the Arbitration Agreement is unenforceable. "The only exception to a state's obligation to enforce an arbitration agreement is provided by the savings clause, which permits the application of generally applicable state contract law defenses such as fraud, duress, or unconscionability, to determine whether a valid contract exists." *Taylor*, 2016 WL 5630069 at 14 (citations omitted). To the extent Appellees raised contract law defenses, including but not limited to unconscionability, this matter is hereby remanded to the trial court in accord with *Taylor*, and further to permit the trial court to address any contract based defenses.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/12/2017